Filed 11/16/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JESUS ANTONIO REYES,<br><br>Defendant and Appellant. | F085582<br><br>(Super. Ct. No. BF178201A)<br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Kern County. Tiffany Organ-Bowles, Judge.

C. Athena Roussos, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Henry J. Valle, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.). This amended both the felony-murder rule and the natural and probable

consequences doctrine to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life. (*People v. Strong* (2022) 13 Cal.5th 698, 707–708 (*Strong*).) Senate Bill No. 1437 also added Penal Code section 1170.95,[1] now renumbered as section 1172.6. This created a procedural mechanism for those convicted under the former law to seek retroactive relief. (§ 1172.6, subd. (a); *Strong*, at p. 708; *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)

In 2021, appellant Jesus Antonio Reyes pleaded no contest to a charge of second degree murder (§ 187, subd. (a)). Appellant admitted as true an enhancement allegation regarding the use of a deadly or dangerous weapon (§ 12022, subd. (b)(1)). The trial court sentenced appellant to prison for 15 years to life.

About 15 months after he was sentenced, appellant filed a petition for resentencing in the trial court, claiming he could not be convicted of murder based on the 2019 changes to the law. After giving the parties a chance to brief this issue, the court denied the petition, concluding appellant was ineligible for resentencing because his conviction had occurred after Senate Bill No. 1437 became effective.

The question in this appeal is whether a criminal defendant who was convicted after Senate Bill No. 1437 became effective can nevertheless obtain resentencing relief under section 1172.6. We hold that this procedure does not apply to defendants who— like appellant in this case—were convicted under the current law. We therefore affirm the court's order denying appellant's petition.

## **BACKGROUND**

In 2020, an information was filed alleging that appellant had murdered a person in violation of section 187, subdivision (a). It was alleged that appellant had killed the victim with malice aforethought, and he did it willfully, deliberately, and with premeditation.

---

[1]    All future statutory references are to the Penal Code unless otherwise noted.

Appellant's matter never went to trial. In 2021, he pleaded no contest to second degree murder. At the change of plea hearing, the parties stipulated that a factual basis existed from the police reports to support the plea.

In 2022, and acting in pro. per., appellant filed a form petition in the superior court seeking to be resentenced. He requested the assistance of legal counsel. He alleged he was entitled to be resentenced because the law regarding murder had been amended in 2019.

In June 2022, the superior court conducted proceedings regarding appellant's petition, and legal counsel appeared on his behalf. The court gave the parties an opportunity to file briefs. In December 2022, the prosecutor filed a written opposition to the petition, claiming that appellant was ineligible for resentencing because he was convicted under the current law.

In January 2023, the court conducted a hearing on the matter. Appellant was present through video conferencing, and he was represented by counsel. The parties submitted the matter based on appellant's petition and the prosecutor's filed opposition. The court denied the petition, concluding appellant was ineligible for resentencing because his conviction had occurred in 2021 under the current law regarding murder.

## DISCUSSION

### I.     The Trial Court did not Err in Denying the Petition for Resentencing.

Appellant argues that this record is devoid of any evidence that shows he is ineligible for resentencing relief. He asserts that the date of his conviction should not bar him from relief, and he notes that the statute does not state that the resentencing procedure only applies to convictions occurring prior to January 1, 2019. He asks this court to reverse the order denying his petition for resentencing, and remand this matter with instructions for the lower court to issue an order to show cause and to hold an evidentiary hearing.

We reject appellant's arguments and we conclude that the trial court did not err. We independently review the court's ruling. (*People v. Pickett* (2023) 93 Cal.App.5th 982, 989.) In analyzing section 1172.6, our goal is to effectuate legislative intent. (*Lewis*, *supra*, 11 Cal.5th at p. 961.) We must avoid a statutory construction that would produce absurd consequences, which we presume the Legislature did not intend. (*People v. Mendoza* (2000) 23 Cal.4th 896, 908.)

In general, the following three conditions are required for a person to seek resentencing under section 1172.6:

(1) A complaint, information or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of murder liability that is now invalid (§ 1172.6, subd. (a)(1));

(2) Following a trial or the acceptance of a plea offer in lieu of a trial, the petitioner was convicted of manslaughter, murder, or attempted murder (§ 1172.6, subd. (a)(2)); and

(3) The petitioner could not presently be convicted of murder or attempted murder "because of changes" brought by Senate Bill No. 1437 and made effective January 1, 2019 (§ 1172.6, subd. (a)(3)).

An offender seeking resentencing must file a petition in the sentencing court and serve it on statutorily enumerated persons. Among other requirements, the petition must include a declaration from the petitioner that he is eligible for relief based on the three conditions summarized above. (§ 1172.6, subd. (b)(1)(A)-(C).)

Once a petition meets the initial filing requirements, a briefing schedule is set. (§ 1172.6, subd. (c).) After the parties have had an opportunity to submit briefs, the trial court must hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing for relief, the court must issue an order to show cause and hold an evidentiary hearing. The prosecution then bears the burden to prove beyond a reasonable doubt that the petitioner is guilty of murder (or its

attempt) under the law as amended by Senate Bill No. 1437.  (*Ibid.*; see also *People v. Wilson* (2023) 14 Cal.5th 839, 869.)

Our high court holds that, when a petitioner files a facially sufficient petition, the trial court must appoint counsel to represent the petitioner.  The trial court may consider the record of conviction to determine whether the petitioner makes a prima facie showing only after the appointment of counsel and the opportunity for briefing has occurred.  (*Lewis*, *supra*, 11 Cal.5th at p. 957.)  At the prima facie hearing, the court must take the petitioner's factual allegations as true.  However, if the record contains facts refuting the allegations made in the petition, the court may deny the petition without issuing an order to show cause.  (*Id.* at p. 971.)

In this matter, appellant is ineligible for resentencing for two reasons.  First, in order to be resentenced, the charging document filed against appellant must have allowed the prosecution to proceed under a theory of murder liability that is now invalid.  (§ 1172.6, subd. (a)(1).)  This requirement is not met here.  The prosecution filed the information against appellant in 2020.  Thus, when this criminal proceeding was initiated, the prosecution was precluded from proving the murder charge under a theory of imputed malice.  This deficiency amply demonstrates that the trial court did not err when it denied appellant's petition for resentencing.

Appellant's claim fails for a second reason.  In order to be resentenced, a petitioner must allege that he could not presently be convicted of murder (or its attempt) "because of changes" brought by Senate Bill No. 1437.  (§ 1172.6, subd. (a)(3).)  This language demonstrates that appellant's petition was properly denied.  Appellant was not convicted under the prior law, which permitted a theory of murder based on imputed malice.  Instead, he entered his change of plea in 2021 with the advice and consent of legal counsel.  When appellant entered his change of plea, the now invalid theories of murder liability had already been eliminated.  Consequently, appellant has already received the benefits of Senate Bill No. 1437.

Various courts have commented that the intent of this resentencing statute is to provide relief to offenders who could not be convicted of murder under the current law. (*People v. Guillory* (2022) 82 Cal.App.5th 326, 334.)  In other words, section 1172.6 "provides a procedure whereby persons convicted of murder under a now-invalid theory may petition to vacate their conviction." (*People v. Garcia* (2022) 82 Cal.App.5th 956, 965.)  Our high court has stated that this procedure was designed to provide retroactive relief to defendants who were, or who could have been, convicted of murder (or its attempt) under the prior law. (*Lewis*, *supra*, 11 Cal.5th at p. 957.)

Based on this record, appellant does not qualify for resentencing under section 1172.6.  He is not the type of defendant this retroactive procedure was intended to benefit, and any contrary interpretation of this statute would lead to absurd results.  The court did not err in denying the petition for resentencing, and a remand is not appropriate. This claim fails and we will affirm the court's order.[2]

## DISPOSITION

The trial court's order denying the resentencing petition is affirmed.

LEVY, Acting P. J.

WE CONCUR:

POOCHIGIAN, J.

DE SANTOS, J.

---

[2]     The parties dispute whether or not certain comments by the trial court at the change of plea hearing were sufficient to establish that appellant's no contest plea demonstrated that he murdered the victim with malice aforethought.  We need not resolve that dispute because appellant is otherwise ineligible for resentencing.